UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN BARAJAS MARTINEZ (A-Number: 246-060-582),<br><br>           Petitioner,<br><br>   v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; NANCY GONZALES, Acting Director, Bakersfield ICE Field Office; and, CHRISTOPHER CHESTNUT, Warden, California City Correctional Facility,<br><br>           Respondents. | No. 1:26-cv-02796-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Adan Barajas Martinez is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. The Court has previously addressed the legal issues raised by claim one of the petition. *See e.g.*, *Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC; *E.L.D.M. v Becerra*, No. 1:25-cv-01906-DJC-JDP; *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from prior orders and that would justify denying the petition. Doc. 4. Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the

1

Order." Doc. 8 at 1.  While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the decisions in *Morillo v. Albarran* and *E.L.D.M. v Becerra*, the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons stated in those prior orders.[2]

The Court ORDERS that respondents release petitioner Adan Barajas Martinez (A-Number: 246-060-582) immediately.  If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 15, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 8 at 2.  Given the nature of the relief petitioner seeks, the Court declines to defer a ruling.

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2